IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DIVISION OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Rowena Cason, Plaintiff | : | |
| | : | |
| v. | : | Civil Action File No. |
| | : | 2:21-cv-00164-RWS-JCF |
| Wal-Mart Stores East, LP | : | |
| and Wal-Mart, | : | |
| Defendants. | : | |

## Complaint

Plaintiff files this suit against the above-named Defendants by alleging the following.

### Claims and Jurisdiction

1. This is an employment discrimination lawsuit brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 200e et seq., for employment discrimination on the basis of race, color, religion, sex, or national origin, or retaliation for exercising rights under this statute.

2. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367(a). Resolving all claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

3. Venue is proper in this Court.

1

## Parties

4.  Plaintiff, Rowena Cason is a resident of Kingsland, Camden County, Georgia.

5.  Upon information and belief, Defendants are Delaware entities with 15 or more employees. According to the corporate filings with the Georgia Secretary of State, Defendants' principal office is located at 708 SW 8th Street, Bentonville, Arkansas 72716. They may be served by and through their registered agent, The Corporation Company, 106 Colony Park Drive, Suite 800-B, Cumming, Forsyth County, Georgia 30040-2794.

## Location and Time

6.  The discriminatory conduct occurred at the place of business of Defendants', the Wal-Mart store located at 6586 GA-40E, St. Mary's, Camden County, Georgia 31558.

7.  To the best of Plaintiff's knowledge and current memory, the conduct occurred from approximately June 22, 2020 through July 13, 2020.

## Exhaustion of Administrative Remedy

8.  On January 7, 2021, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), Savannah Office, 7391 Hodgson

Memoria Drive, Suite 200, Savannah, Georgia 31406-2579. A copy of the charge is attached hereto as Exhibit A.

9. Plaintiff received a Notice of Right to Sue letter from the EEOC via online portal on May 4, 2021. A screen shot of the window reflecting date of filing is attached as Exhibit B. A copy of the letter is attached hereto as Exhibit C.

10. This Complaint is filed within 90-days of receipt of the Notice of Right to Sue.

## Nature of the Case

11. The conduct complained of in this lawsuit involves harassment.

12. Defendants discriminated against Plaintiff because of her sex.

13. At all times relevant, Plaintiff was employed by Defendants as an assistant manager at the Wal-Mart store located at 6586 GA-40E, St. Mary's, Camden County, Georgia 31558

14. At all times relevant, Plaintiff was under the supervision of a male employee of Defendants who was acting within the course and scope of his employment with Defendants.

15. On June 22, 2020, Plaintiff's supervisor forced himself upon her in a sexual manner while the two were alone in a walk-in refrigerator. The conduct was a

sexual assault and sexual battery of Plaintiff by her supervisor. Plaintiff was able to free herself from the situation and escape the cooler.

16.     After the assault and battery, Ms. Cason made a complaint to Defendants' store management. She that her supervisor be fired and that Defendants accommodate her requests not to work with him at the store. Defendants ignored her requests.

17.     Instead of taking any steps to terminate, punish, or otherwise reprimand Plaintiff's supervisor, Defendants reduced Plaintiff's working hours at the store.

18.     On July 13, 2020, Defendants fired Plaintiff in retaliation for her repeated requests for accommodation and for some sort of reprimand for the supervisor who attacked her.

19.     Plaintiff no longer works for the Defendants.

20.     Defendants never paid Plaintiff the last paycheck she is owed.

<u>Claim for Relief No. 1: Sex Based Discrimination in Violation of Title VII of the 1964 Civil Rights Act,</u> *as amended*

21.     Plaintiff incorporates all previous averments.

22.     U.S.C. § 2000e-2(a) provides, "[i]t shall be an unlawful employment practice for an employer— (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his

compensation, terms, conditions, or privileges of employment, because of such individual's [. . .] sex [. . .] or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's [. . .] sex."

23. Harassment on the basis of sex is a violation of section 703 of title VII. Unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature constitute sexual harassment when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment. 29 C.F.R. § 1604.11(a)

24. Plaintiff is a woman, and women are protected from discrimination because of their status as women.

25. Defendants' employee subjected Plaintiff to unwelcome sexual harassment.

26. The sexual harassment was based upon Plaintiff's sex.

27. The sexual harassment was severe and pervasive enough to alter the terms and conditions of Plaintiff's employment and created a discriminatorily abusive work environment.

28. Defendants had actual notice that Plaintiff was the victim of sexual harassment and failed to take any action to correct their employee's sexually harassing behavior or to reprimand their employee for sexually assaulting and sexually battering Plaintiff.

29. Plaintiff's submission to the sexual harassment was made either explicitly or implicitly a term or condition of an individual's employment.

30. Plaintiff's submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting Plaintiff.

31. The sexual harassment had the effect of unreasonably interfering with Plaintiff's work performance and created an intimidating, hostile, and offensive working environment.

32. The sexual harassment has caused Plaintiff to incur economic damages which are ongoing in an amount to be proven by the evidence at trial.

33. The sexual harassment has caused Plaintiff to incur general damages for pain and suffering which are ongoing in an amount to be proven by the evidence at trial.

34. Plaintiff seeks compensatory and all other relief available to her according to the law.

Claim for Relief No. 2: Punitive Damages Pursuant to 42 U.S.C. § 1981a(b)(1)

35. Plaintiff incorporates all previous averments.

36. Defendants' actions and omissions were intentional, willful, malicious, and done with reckless disregard for Plaintiff's right to be free from discrimination based on her sex.

37. The Defendants' failure to take any steps to stop open, obvious, continuous, and pervasive sexual harassment or to punish Plaintiff's supervisor shows they were engaging in discriminatory practices with malice or with reckless indifference to the federally protected rights of Plaintiff.

38. Defendants are liable for punitive damages.

Claim for Relief No. 3: Attorney fees and Expenses of Litigation Pursuant to 42 U.S.C. § 2000e-5(k)

39. Plaintiff incorporates all previous averments.

40. A prevailing Plaintiff in a Title VII action is entitled to recover reasonable attorney fees and expenses as part of the costs for bringing the lawsuit.

41. Plaintiff is entitled to her attorney fees and expenses related to bringing this lawsuit.

Wherefore Plaintiff prays

    A.    That summons and process issue and Defendants be served;

    B.    That this Court find for Plaintiff on all claims;

    C.    For a jury trial on all matters so triable;

    D.    For judgment against Defendants for compensatory damages;

    E.    For judgment against Defendants for punitive damages;

    F.    For judgment against Defendants for reasonable attorney fees and expenses of litigation;

    G.    That all costs be charged to Defendants; and

    H.    Such other relief this Court deems appropriate.

This 27th day of July, 2021.

                                                */s/ J. Wickliffe Cauthorn*
                                                J. Wickliffe Cauthorn
                                                Georgia Bar No. 907911
                                                Attorney for Plaintiff

**The Cauthorn Firm**
1984 Howell Mill Road
Box 20059
Atlanta, Georgia 30325
(404) 991-2700
(404) 902-5609 (fax)
wick@thecauthornfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DIVISION OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Rowena Cason, Plaintiff | : | |
| | : | |
| v. | : | Civil Action File No. |
| | : | _____ |
| Wal-Mart Stores East, LP | : | |
| and Wal-Mart, | : | |
| Defendants. | : | |

Certificate of Compliance with Local Rule 7.1(D)

The undersigned hereby certifies that the foregoing was prepared using 14-point Times New Roman typeface as approved by Local Rule 5.1B.

This 27th day of July, 2021.

/s/ J. Wickliffe Cauthorn
J. Wickliffe Cauthorn
Georgia Bar No. 907911
Attorney for Plaintiff

**The Cauthorn Firm**
1984 Howell Mill Road
Box 20059
Atlanta, Georgia 30325
(404) 991-2700
(404) 902-5609 (fax)
wick@thecauthornfirm.com

9